# UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| ROBERT DENNIS-KULAK | § | Case No. 15-30677 |
| | § | |
| Debtor | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 09/08/2015 . The undersigned trustee was appointed on 11/29/2016 .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

| | | |
|---|---|---|
| 4. The trustee realized gross receipts of | $ | 20,000.00 |
| Funds were disbursed in the following amounts: | | |
| Payments made under an interim disbursement | | 0.00 |
| Administrative expenses | | 0.00 |
| Bank service fees | | 0.00 |
| Other payments to creditors | | 0.00 |
| Non-estate funds paid to 3rd Parties | | 0.00 |
| Exemptions paid to the debtor | | 0.00 |
| Other payments to the debtor | | 0.00 |
| Leaving a balance on hand of[1] | $ | 20,000.00 |

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

     5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6. The deadline for filing non-governmental claims in this case was 06/16/2017 and the deadline for filing governmental claims was 06/16/2017 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7. The Trustee's proposed distribution is attached as **Exhibit D**.

     8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 2,750.00 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $ 0.00 as interim compensation and now requests a sum of $ 2,750.00 , for a total compensation of $ 2,750.00 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 0.00 , for total expenses of $ 0.00 [2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 11/14/2017         By:/s/N. Neville Reid, Trustee
                                         Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 15-30677 | JBS | Judge: | Jack B. Schmetterer | Trustee Name: | N. Neville Reid, Trustee |
| --- | --- | --- | --- | --- | --- | --- |
| Case Name: | ROBERT DENNIS-KULAK | | | | Date Filed (f) or Converted (c): | 09/08/2015 (f) |
| | | | | | 341(a) Meeting Date: | 10/22/2015 |
| For Period Ending: | 11/14/2017 | | | | Claims Bar Date: | 06/16/2017 |

| 1 | 2 | 3 | 4 | 5 | 6 |
| --- | --- | --- | --- | --- | --- |
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 9830 S. Sayre #7 Chicago Ridge, IL Rental Condo | 96,350.00 | 0.00 | | 0.00 | FA |
| 2. Miscellaneous Cash on Hand | 200.00 | 0.00 | | 0.00 | FA |
| 3. Chase Checking Account | 300.00 | 0.00 | | 0.00 | FA |
| 4. Chicago Patrolmans Checking Account | 300.00 | 0.00 | | 0.00 | FA |
| 5. Indiana Members Credit Union Checking Account | 1.00 | 0.00 | | 0.00 | FA |
| 6. Miscellaneous household goods and furnishings | 750.00 | 0.00 | | 0.00 | FA |
| 7. Miscellaneous Wearing Apparel | 3,000.00 | 0.00 | | 0.00 | FA |
| 8. 401K Through Dollar Tree | 2,000.00 | 0.00 | | 0.00 | FA |
| 9. 925 N. Kealing Avenue, Indianapolis, Indiana | Unknown | 0.00 | | 0.00 | FA |
| 10. Undisclosed Bank Accounts (u) | Unknown | 20,000.00 | | 20,000.00 | FA |

Gross Value of Remaining Assets

| TOTALS (Excluding Unknown Values) | $102,901.00 | $20,000.00 | | $20,000.00 | $0.00 |
| --- | --- | --- | --- | --- | --- |

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Case Status November 2017: Preparing Final Report.

Case Status April 2017: Trustee has asserted claims related to debtor's withdrawals from various bank accounts, stemming from UST discharge litigation. Through counsel, Trustee is engaged in settlement negotiations with the debtor, with Trustee's last demand having been rejected.  The debtor's attorney has made claims that certain amounts of cash in the debtor's bank account, which was not disclosed in the petition, belong to the debtor's spouse and are not assets of the estate.  The debtor's attorney is sending Trustee the background information so Trustee can verify the debtor's claim and as necessary will adjust settlement demand amount accordingly.

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | |
|---|---|
| Case No: 15-30677 | Trustee Name: N. Neville Reid, Trustee |
| Case Name: ROBERT DENNIS-KULAK | Bank Name: Associated Bank |
| | Account Number/CD#: XXXXXX0877 |
| | Checking |
| Taxpayer ID No: XX-XXX8153 | Blanket Bond (per case limit): $54,824,000.00 |
| For Period Ending: 11/14/2017 | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 11/10/17 | 10 | Robert J. Dennis-Kulak/Phillip J. Dennis-Kulak | Payment related to settlement agreement approved per order dated 11/07/17 [Dkt. 46]. | 1229-000 | $20,000.00 | | $20,000.00 |

| | | |
|---|---:|---:|
| COLUMN TOTALS | $20,000.00 | $0.00 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $20,000.00 | $0.00 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $20,000.00 | $0.00 |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*  Page Subtotals:  $20,000.00  $0.00

Exhibit B

TOTAL OF ALL ACCOUNTS

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX0877 - Checking | $20,000.00 | $0.00 | $20,000.00 |
|  | $20,000.00 | $0.00 | $20,000.00 |
|  | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $20,000.00 |
| Total Gross Receipts: | $20,000.00 |

Exhibit C

## ANALYSIS OF CLAIMS REGISTER

Case Number: 15-30677  
Debtor Name: ROBERT DENNIS-KULAK  
Claims Bar Date: 6/16/2017

Date: November 14, 2017

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---:|---:|---:|
| 100 2100 | N. NEVILLE REID<br>200 W. MADISON, SUITE 3000<br>CHICAGO, IL 60606 | Administrative | | $0.00 | $2,750.00 | $2,750.00 |
| Admin 1 100 3110 | FOX SWIBEL LEVIN & CARROLL LLP<br>200 W. Madison Street - Suite 3000<br>Chicago, IL 60606 | Administrative | | $0.00 | $8,733.50 | $8,733.50 |
| 1 300 7100 | CAVALRY INVESTMENTS, LLC<br>500 SUMMIT LAKE DRIVE, STE 400<br>VALHALLA, NY 10595 | Unsecured | | $0.00 | $5,925.80 | $5,925.80 |
| 2 300 7100 | CAVALRY SPV I, LLC<br>500 SUMMIT LAKE DRIVE, STE 400<br>VALHALLA, NY 10595 | Unsecured | | $0.00 | $5,401.87 | $5,401.87 |
| 3 300 7100 | NAVIENT SOLUTIONS, INC.<br>220 LASLEY AVE<br>WILKES-BARRE, PA 18706 | Unsecured | | $0.00 | $8,505.34 | $8,505.34 |
| 4B 300 7100 | CHICAGO PATROLMEN"S FEDERAL CREDIT UNION<br>TRUNKETT & TRUNKETT PC<br>20 N WACKER SUITE 1434<br>CHICAGO IL 60606 | Unsecured | | $0.00 | $11,952.74 | $11,952.74 |
| 5 300 7100 | CAPITAL ONE, N.A.<br>C/O BECKET AND LEE LLP<br>PO BOX 3001<br>MALVERN PA 19355-0701 | Unsecured | | $0.00 | $605.56 | $605.56 |
| 4A 400 4110 | CHICAGO PATROLMEN"S FEDERAL CREDIT UNION<br>TRUNKETT & TRUNKETT PC<br>20 N WACKER SUITE 1434<br>CHICAGO IL 60606 | Secured | | $0.00 | $96,383.00 | $96,383.00 |
| | Case Totals | | | $0.00 | $140,257.81 | $140,257.81 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 15-30677
Case Name: ROBERT DENNIS-KULAK
Trustee Name: N. Neville Reid, Trustee

Balance on hand $ 20,000.00

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| 4A | CHICAGO PATROLMEN"S FEDERAL CREDIT UNION | $ 96,383.00 | $ 96,383.00 | $ 0.00 | $ 0.00 |

Total to be paid to secured creditors $ 0.00

Remaining Balance $ 20,000.00

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: N. NEVILLE REID | $ 2,750.00 | $ 0.00 | $ 2,750.00 |
| Attorney for Trustee Fees: FOX SWIBEL LEVIN & CARROLL LLP | $ 8,733.50 | $ 0.00 | $ 8,733.50 |

Total to be paid for chapter 7 administrative expenses $ 11,483.50

Remaining Balance $ 8,516.50

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 32,391.31 have been allowed and will be paid *pro* *rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 26.3 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | CAVALRY INVESTMENTS, LLC | $ 5,925.80 | $ 0.00 | $ 1,558.04 |
| 2 | CAVALRY SPV I, LLC | $ 5,401.87 | $ 0.00 | $ 1,420.29 |
| 3 | NAVIENT SOLUTIONS, INC. | $ 8,505.34 | $ 0.00 | $ 2,236.27 |
| 4B | CHICAGO PATROLMEN"S FEDERAL CREDIT UNION | $ 11,952.74 | $ 0.00 | $ 3,142.68 |
| 5 | CAPITAL ONE, N.A. | $ 605.56 | $ 0.00 | $ 159.22 |

| | | |
|---|---|---|
| Total to be paid to timely general unsecured creditors | $ | 8,516.50 |
| Remaining Balance | $ | 0.00 |

  Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

  Tardily filed general (unsecured) claims are as follows:

NONE

  Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

  Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE